The last case this morning is Betty Spence v. The Department of Veterans Affairs, 2022-1105. Mr. Joe Hopkins, is it? Yes, Your Honor. Good morning, and may it please the Court. This appeal is wrapped up with many complex issues of NEMR effective dates and notice, but for the purposes of this Court's review, it is limited specifically and simply to the Veterans Court exceeding its jurisdiction, and this Court's decision in Tadlock when it made de novo factual findings about an August 1985 VA decision. This is important because if that decision was not final, which was... That was determined in an earlier April 1985 decision, yes, Your Honor. But what Mrs. Spence argues is that the August 1985 decision remained pending because notice was never given to the Veterans representative, which was required by regulation, and that claim remained pending. This hearing loss claim remained... Let's assume that. Let's assume there was no notice, and that second claim, not dealing with heart condition, but dealing with hearing loss, remained pending. What else are you saying that there was the fact-finding that had to have been done by the Board with regard to that claim? So the initial fact-finding, Your Honor, is that whether the claim was... Notice was provided, and whether it remained pending... Let's take notice off the table, okay? Let's assume it was still open. Okay, Your Honor. Then the next key fact, because under the NEMR effective date rules, and I'm looking at 38 CFR 3.816C2, if a claim for a covered herbicide-related disease was pending on or after May 3, 1989, or was received between that date and the date that the condition, the disease, was later added, which in this case was 2010, then the effective date is the date of that pending claim. And so if the hearing loss claim was still pending in 1989, which there's no evidence, and that's one of the facts, that when was that claim finally decided and notice provided to the veteran and his representative? But it says for the same disease, right? I mean, I guess you just got to explain to me... Yes, Your Honor. ...what it is here that he had the heart condition finally adjudicated, end of story, and how a claim for hearing loss gets you into this NEMR thing. I'm assuming it's open. Let's take that off the table. Yes, Your Honor. So one of the issues that comes up, and one of the factual issues that comes up, and if you look on appendix page five, footnote two, it is unclear to the court when VA received evidence of a current diagnosis of coronary artery disease, which is one form of ischemic heart disease, which is the presumptive disease under the NEMR. So if a claim is pending and the VA has evidence of a diagnosis, then that claim becomes the presumptive condition, the presumptive disease, attaches to that pending claim. Has notice of that claim when and how? It had notice, it clearly had notice of the claim of heart disease. It rejected that claim, and that claim was never appealed. So it could be a claim for anything? I mean, hearing loss is... Yes, Your Honor. And you can bring anything in? Yes, Your Honor. Under the NEMR stipulated agreement, which was agreed to by the VA in the class action lawsuit, which, by the way, is still being litigated, and just a year or two ago, the district court issued a new order on that. Any claim that's pending, and at the same time, VA receives evidence of one of the covered herbicide diseases, and it falls within those dates prior to whenever it's added, then it becomes the effective date for that covered herbicide disease attaches to the same pending claim, whether it was in 1984, as in this case, or as the board is already in... But it was completely unrelated to the heart condition? Yes, Your Honor. Where does it... I mean, there's all this paper about NEMR, and I've got something which I think is the guidance, the training guide, and on page 19 of my version, it says, Under NEMR, the RO decision is treated as having denied a claim for IHD in that case. If IHD was coded in the rating decision, or should have been coded in the rating decision. So, in that case, would that mean, in our case, that the heart decision had to have been coded in the rating decision of hearing loss, or should have been coded in that rating decision? No, Your Honor, because, again, the hearing loss claim remained pending after 1989. And after 1989, VA received additional documents as part of this 1996 claim, which is the current effective date, that included additional diagnoses of ischemic heart disease. There were, I think, two myocardial infarctions... So, as long as any claim was pending on anything excluding heart disease, because we know heart disease was already denied, you still get the benefit of heart disease occurring afterwards. That is subsumed into the claim of hearing loss. Actually... I'm just trying to... Yes, Your Honor, no. Well, and if we look at what the VA actually did in this case... Can you just say a clean answer, yes or no, to Judge Prost's question? The answer is, any time... It's just yes or no. The claim is filed for an ingrown toenail and asking for service connection. And then the claim is pending for five years. During the pendency of that claim, there is medical evidence that develops in the veterans' medical records at the VA that indisputably establishes that he had some kind of service-connected heart disease. Does he get the... Does he get... Is he entitled to have his ingrown toenail claim construed as a heart disease claim too and get the effective date of the ingrown toenail claim as the effective date of service-connected benefits for heart disease? Yes, Your Honor, under NEMR. That's what we were looking for, a yes or a no. And is that under NEMR specifically, or is that just general VA practice with respect to claims during this era that any claim that's pending is construed as not only being for the very claim that is filed for, but also any other claim that exists based on reviewing the veterans' records? Yes to both, Your Honor. However, I would... Okay, now we're getting somewhere. Yes, Your Honor. We need some clarity because I found the blue brief to be rather undeveloped into exactly what you were hunting for. Well, and that's... The reason it was not as thoroughly developed, Your Honor, is because, again, the veterans' court performed de novo fact-finding, and that's the real issue. So what is specifically the fact-finding you think the veterans' court did that it was not supposed to do? Well, the veterans' court addressed the August 1985 RO decision, which was never mentioned. What is the fact-finding? Just say it. That the August 85 RO decision finally notice was provided. Where did the veterans' court say that?  Where did the veterans' court say the August 1985 RO decision is final? I can see it like that. There is no dispute. I'm looking at Appendix 5, Your Honor. There is no dispute regarding notification of... I'm sorry, that says April. Let me rephrase my answer to that question. The veterans' court made adjudicated findings of fact in the August 85 rating decision. Again, looking at Appendix 5. The RO adjudicated only the matter of hearing loss. And there is an implicit finding of fact that that claim never remained pending. And that's really the biggest issue that Ms. Spence has, and the issue that she presented to the veterans' court was that that claim remained pending. I don't understand. What am I supposed to read in this veterans' court's opinion that tells me that they made an implicit fact-finding that the 1985 August RO decision was final? Because in order to affirm the board's decision, that's the only way that they can do that. Here's the way I would frame it, if I were you. The brief to the veterans' court said the August 1985 RO decision was never final. It was never final because a copy of it was never sent to Spence's representative. And under the rules, it can only become final when that RO decision is sent to the representative. That didn't happen here. Therefore, the 85 claim is still open, and the veterans' court needs to understand that in order for me to still have a pending claim lurking, so that I can attach a heart disease claim onto that lurking claim. The veterans' court then did not answer that question. You posed the question, is this August 1985 decision final or not? And the veterans' court never answered it. And so for that reason, this needs to go back because there needs to be an actual decision on the question that you actually raised that was never answered. Yes, Your Honor, and I agree 100% with that. And that is certainly... I'm just trying to figure out, is that what you argued? That is, yes, Your Honor. I think that that's a more correct way of saying, as opposed to trying to ferret out an implicit finding, that the veterans' court didn't really address it. But the only way that, and our point was that the only way to affirm the board's decision was to find that that claim did not remain pending. Did the April 1985 decision deny the heart condition and wasn't notice of that given to the representative? It denied a heart condition, Your Honor. But as we mentioned in our briefs, in 1996 additional records were received that identified at least three additional ischemic heart disease diagnoses that could form the basis of an earlier effective date. And if you look at what the VA actually did here, they granted a 1996 effective date in the face of the April 1985 decision. And if that was the only time they could have adjudicated that heart disease claim, then there would be no basis for a 1996 effective date. And that's a correct interpretation because additional diseases, I'm sorry, additional diagnoses were received subsequent to the April 1985 decision. So hypothetically, if the April 85 decision said, I looked at all your medical records and there's no service connection for a heart disease, sorry. And then one day later, the VA sends a second RO decision on co-pending hearing loss claim and says, no, you don't deserve any benefits for hearing loss either. But then fails to send a notice of that second RO decision that was only one day later to Spence's representative. Are you saying that embedded in that second decision is a second own independent denial of the heart disease condition because that claim is always in any decision that the RO subsequently makes after the first formal decision in which there was an actual express claim of heart disease? Not when the decision was sent one day later, but when notice actually reaches, legally sufficient notice reaches, and it extends beyond 1989. Let me change the hypothetical. One day later, there's a denial on hearing loss. And that denial does get sent to Spence's representative. Are you telling me that decision one with the express claim of heart disease getting denied is a denial on heart disease? And then the second decision, which was formally on denial for hearing loss benefits, is inherently also its own second independent separate decision denying a heart disease claim? No, Your Honor. I'm not suggesting that at all. I'm suggesting that because the claim remains in that. Okay, so if the August 85 decision did in fact get sent to the representative, that was a denial on hearing loss. We know that. Was it also inherently a separate denial for a heart disease claim because there's always a heart disease claim? No, Your Honor. Inherently? I don't read the regulations in the case law to say that. Again, the emphasis is that because it remained pending, and while it was pending, additional records were received that identified covered herbicide diseases, that those covered herbicide diseases became part of that pending claim. And that's very clear with the regulation. When did the medical records finally establish everything with respect to service connection for heart disease? We don't know, Your Honor. I think based on what the record shows that with the 1996 claim that there were additional, and there was some fact-finding by the RO that alludes to that. But again, that question was never answered by the board. And I really want to emphasize footnote two is that the VA, the court itself, was unclear when the evidence was received by VA. Can we go back to appendix five and what the CAVC actually said? The appellant, so it talks about its understanding of the appellant's argument. Tell me if they got it wrong. The appellant argues that footnote one of DMAR supports her contention that the August adjudication, okay, of the veteran's hearing loss constituted a denial of the coronary artery disease claim and is still pending. Well, that was her contention. Is that your contention, that that August 1985 adjudication constitutes a denial of the coronary artery disease claim, and therefore because it wasn't served, it was never final? Not exactly, Your Honor. Did she argue that or not? She did not, Your Honor. I think it's a little, obviously, as I started, it's very complex issues. But I think the argument that Mrs. Spence presented to the Veterans Court was, as I explained in response to Judge Chin's questions, that if notice had been given in August of 1985, then it just completes that 1984 claim that they had deferred the hearing loss for a few months because they needed an exam, and so that would have closed it out. But because it remained pending, when notice was eventually given, which, again, we don't know, based on the findings of the board. I mean, we can go and look at the record, but the board didn't make that factual finding. When that notice occurred, which was after 1996 at least, and there was additional records showing a diagnosis of covered herbicide diseases, then it became a denial of those covered herbicide diseases. So you're saying under NEMAR, if they're covered herbicide diseases whatever time, any time in the 90s, any time in the 2000s, but there's some claim that was pending for, as Judge Chin said, an ingrown toenail, and somehow that claim got lost in the shuffle as pending, the plaintiff is going to be able to go back to any pending claim about anything. Absolutely, Your Honor. And show me where NEMAR tells us if that's the case. So, again, pointing back to 38 CFR 3.816. Okay, go ahead. So, number one. C1, okay. C2, I'm sorry, C2. C1 deals with a very short period of time in the 80s that rarely comes up. But C2, and I don't have in my notes here, I don't know if I quoted exactly, but I think I got most of it. If a claim for a covered herbicide-related disease was pending on or after May 3rd, 1989. C2 has got different parts to it. Well, it's got little i and double i. Do you know where we're talking about? If you'll give me just one second, Your Honor, I'll pull it up on my phone. It's at blue brief 9 and 10, if that helps. Ah, here we go. So, looking at C2, Your Honor, if the class member's claim, and this is the NEMAR class members, for disability for the covered herbicide-related disease was either pending before VA on May 3rd, 1989, or was received between that date and the effective date. So, we have a claim that was either pending or was decided after May 3rd, 1989. And this may not have been because of the 1985 decision. Right, Your Honor, and that's the question. Was that 1985 decision, the August 85 decision on the hearing loss, was notice provided so that the decision became final? Well, it says the claim for disability compensation for the covered herbicide disease. Yes, Your Honor. That wasn't hearing loss. And if you look on the brief. Right? So, do you agree that the claim we're talking about in this first sentence does not include the August 1985 claim for hearing loss? It was, Your Honor, but as the NEMAR stipulated agreement says. So, the statute doesn't get you there, right? Well, the regulation does not in so many words, Your Honor. But again, the training guidance, the stipulated agreement under the class action, and on page 10 of our opening brief, 68 Federal Register at 5967. About longstanding VA policy? Yes, Your Honor. So, VA procedural manuals provides that when disability compensation is claimed, they must make a formal decision as to each disability that was claimed or noted in the records. And that's where we get the idea that the herbicide-related disease is part of a pending claim if it's noted in the records. But it's, I guess, my question, it says it was either claimed by the veteran or noted in the veteran's records. And what you're telling us that noted in the veteran's records, in your view, means any time in the coming 20 years as long as that case was open. Yes, Your Honor. What tells us that that's true? Why can't we read that or note it in the veteran's records at the time of the claim was made? Because the VA is not permitted to issue a decision that ignores 20 years of records if they delay providing notice. The notice provisions, 3.103, 5107, all require that they make a decision, determinations based on the entire record of proceeding. I'm sorry, the entire record before the VA. And that applies every single law, even when the law changes throughout the years. And so, when notice is delayed for one year, 20 years, 50 years, the... Yes, Your Honor. Absolutely. It's retroactive application. Well, all of the new rules would, subject to whatever precedent would apply, would apply to that claim to include any new records. And so the VA has an obligation to review the entire record, even though the decision itself was made in August of 1985, because notice was delayed, they would have to actually go back and re-decide the claim under the new record. Counsel, you're well past your time. Yes, Your Honor. We will give you three minutes of rebuttal back, and the government can have six extra minutes, so please set the clock at 21 minutes. Mr. O. Thank you, Your Honor. May it please the Court. This is a Veterans Benefits case. It's for the proper effective date for the NEMA regulations. Mr. O. Mr. O. Yes, Your Honor. I want to ask you a basic question about general VA practice. If there is a claim filed by a veteran, let's say it's for hearing loss, and hypothetically during the pendency of that claim before the VA, let's say the pendency is 10 years, his medical records on file get developed through, I don't know, examinations or other things, and then from his records alone it becomes quite clear that the veteran is entitled to benefits for service connection to a completely different disease than the claim that he filed for. Let's say it's heart disease. Would the VA under those circumstances be required to construe that pending hearing loss claim as also including a second separate claim on heart disease as shown in his records? Mr. O. I think based upon my reading of the NEMA training guide, that would be correct. It would be dated back to when the medical evidence substantiating the covered herbicide disease was established in the record, and you would get the benefit of that back date, assuming the hearing loss claim was pending for that 10-year period. In fact, that is what happened here with respect to his PTSD claim that was filed in 1996, right? The 1996 claim that was filed was just for PTSD. It wasn't for heart disease at all, and then somehow his records got developed over time, and then due to maybe changes in the law, he got to enjoy a presumption of service connection, and now all of a sudden that PTSD claim became something more. It became about PTSD and about this heart disease thing. I believe that's right. Let's go now to this 1984 hearing loss claim that he filed, a request to reopen the hearing loss claim in 1984. Let's assume for the moment that it just got lost in the VA, and it's been pending until today in 2023. I mean, it's a very long time, but let's just assume it was pending. Now we know that all these medical records got developed during the interim. Would you say that under my hypothetical, Spence would deserve an effective date of 1984 for the heart disease? Based upon my reading of the Nehmer training guide, I can't see why the subsequent medical evidence regarding other diseases wouldn't be covered and backdated. So the answer is yes. I think so, yeah. So why was the CABC not incorrect in what it did in this case? Because different from the hypothetical that Judge Chen is posing, there was a heart condition claim decision in April 1985 that conclusively decided the heart condition claim, thereby taking it out of the handbook of the hearing loss claim. So let me get this straight. If you're saying that in April of 1985, we know there was a denial of an express claim for heart disease, right? Okay, good. Yes, Your Honor. Okay. And then there was a co-pending claim at the time for hearing loss. Let's say instead of that being decided in August of 1985, it was decided in August of 2015. That hearing loss claim would entitle Spence to a 1984 effective date for the heart disease, would it not? So the first part of your hypothetical, I'm not sure I understand Judge Chen, was it that it's a situation like here where we do have a final decision on a heart condition claim? Yes, yes. What I'm trying to explore with you is, is it the government's view that the April 1985 decision denying benefits for heart disease completely cuts off the ability of any other claim that is for anything else to also be treated as a potential heart disease claim, if the medical records at some later date, after that April 1985 date, develops to a point where it does conclusively establish entitlement to a heart disease service-connected? No, I think our position would be limited to what was decided by the April 1985 decision. And here, the April 1985 decision specifically decided the heart condition. Yeah, but that doesn't really answer my question. My question is, is there something in the law that prevents that subsequent claim that is pending for something else, and we're just going to call it hearing loss for now, that precludes from treating that hearing loss claim as also including a heart disease claim, yet again, when the medical records at that later time are so developed to the point where the VA can see, yes, at this point in time, while this other claim is pending, this person's entitled to heart disease benefits. The way I read the NEMA regulations, 3.16, is it's a limited retroactivity provision that allows for the backdating. And the way I read subpart C1 and C2 provide limitations as to how that backdating could occur. So here, unless there's a decision that falls between the dates specified between subpart C1 and C2, you wouldn't get the benefit of the backdating. I'm completely lost. When you're talking about the regulations, you've got to point to me what in the regulations. You're saying that what cut him out in this case was the fact that he had this previous claim, and that that was decided and not appealed. So he's gone forever for heart conditions. So show me what in the regulation or in the training deals with that circumstance. So subpart C, which describes the effective date for disability compensation, and then subpart C1 states that if the VA denied compensation for the same covered or recited disease in a decision issued at a specified date, it allows you to have the backdating or the retroactivity provisions of NMURA applied to that covered herbicide disease. And here, our position is that the VA decided Mr. Spence's heart condition claim prior to that date, so therefore it wouldn't fall within that limited retroactivity provision. Right, but what about C2? So C2 allows for covered herbicide disease backdating where it's pending before May 3rd, 1989, or was received by VA between that date and the effective date of the statute of regulation establishing the presumption of service connection for the covered disease, and then it specifies when that disease would be covered or how the backdating would occur in that instance. Okay, so hypothetically, let's assume that the August 1985 RO decision is procedurally defective, okay? That would mean that the hearing loss claim is still pending, because there was never an actual procedurally proper RO decision on the hearing loss claim. Just grant me that for purposes of the hypothetical. Under those circumstances, why wouldn't Spence enjoy what is given by 3.816C2, little i? Because hearing loss isn't a covered herbicide disease, so based upon the regulatory language, the hearing loss decision, which isn't a covered herbicide disease for purposes of retroactive backdating, wouldn't be something that would reopen the RO decision. But we also know from the Federal Register Notice in which 3.816 was promulgated, that it's quite clear, and it's quoted in the blue brief page 10, that long-standing VA policy is going to apply here, which is you are going to construe a claim not only for what is expressly claimed, but also what is ever noted in the veteran's records. So I think that the training guide provision is designed to give the veteran the benefit where the claim isn't referenced at the outset, and evidence relating to the covered herbicide disease arises over the course of developing the claim. But that's unlike the situation here, where the claim was specifically referenced as a heart condition claim, and that claim was denied, where the regional office specifically said, we don't find any evidence as to any cardiovascular disability, and then specifically denied the heart condition claim. I understand that, but I'm trying to understand, what is it in the law that says when you have your formal claim for heart disease denied, and then you have a claim pending in the VA for something completely different, but nevertheless at that later time, the records of the veteran become crystal clear, that the person is entitled to benefits for a heart disease condition. Are you saying that, no, there's something in the law that prevents that other claim from being construed, as also including the heart disease claim, which is quite apparent on the face of the veteran's records at that time, because once upon a time there had been an actual heart disease claim that got denied. Is there something in the law that blocks ordinary VA practice from going forward, which is to construe any pending claim as including benefits that are apparent based on looking at the veteran's records, while there's a different claim pending? I don't know of any specific legal provision that would categorically say it's barred. But that seems to be the position that you're asking us to adopt here in order to affirm. I think the position we're asking the court to adopt is, number one, pursuant to the language of the regulation, the heart condition claim was fully and finally decided. The board made a fact finding that there wasn't, and this is appendix page 33, fact finding one and three, that the heart condition claim was finally decided in April 1985, and then in fact finding three said that there were no subsequent communications from the veteran spanning between 1985 and 1996 that would indicate that the heart condition claim was kept open or resurrected in any way. And all the veteran's court did was substantiate that finding based upon its own analysis of the record as a whole, and it found that the board's finding shouldn't be overturned for clear error. Right, but here's the problem I have, Mr. O, and I want you to help me with it. In the appeal brief to the veteran's court, Spence had a very clear theory that the August 1985 RO decision is not a legitimate decision, and so the hearing loss claim is still pending. And because that claim is still pending, any other claim that happens to become apparent on the face of the veteran's records also is considered to be part of the hearing loss claim. And I didn't see the veteran's court answer this question. I mean, the veteran's court could have said, number one, what are you talking about? Just because the representative didn't get a copy of the August 1985 decision doesn't mean that the August 1985 decision isn't final. It is. Could have said that, didn't say that. The second thing the veteran's court could have said in response to this argument is, hey, once the April 1985 decision issued on this heart disease claim, that really cuts off any rights a veteran has to ordinary VA practice, which is to permit and construe any pending claim to include things that aren't expressly written into the claim but are apparent from the veteran's records. Veteran's court didn't say that either. So I'm at a loss here to try to figure out what am I supposed to do with what appears to be holes or questions that were presented to the veteran's court that were never answered. I think the veteran's court could address the question in terms of what the board found. What the board found was that there was a final decision on the heart condition claim. There was nothing done subsequent to that prior to 1996 to reopen it or resurrect it in any way. And with respect to my friend's argument on the other side, I think it understood what the argument my friend on the other side was making and addressed it on appendix page 5 and through footnote 2. To the extent my friend is putting a different gloss on that argument, I don't think the veteran's court can be faulted for not addressing that specific gloss if it wasn't raised properly or embellished to the point of addressing every nuance of that argument. Let me give you two hypotheticals. Both of which assume that the second claim with regard to hearing loss remained open because there was insufficient notice. So assume that. So you've got one hypothetical, which is this case, where you had a previous heart condition claim that was finally adjudicated or at least not appealed. And you say he doesn't get the benefit of the NEMAR sort of extension. If he had no claim for heart condition, if his only claim that we were talking about was an open hearing loss claim, and in years subsequent to that, you look at his records and there's clear evidence of a heart condition, can he assume the benefit of the earlier date, again, accepting that the hearing loss claim is still open? What is your answer to both of those hypotheticals? I assume the first is that he doesn't win. Because that's this case. What about the second? The second, I think he didn't get the benefit of that. And that is because he hadn't adjudicated. Really? What's the difference? I mean, why is there a difference? Whatever his heart condition was in 1985, he didn't get the benefit of that. And let's assume it got 100 times worse in 1987. So why would someone who filed an earlier claim that was rejected not be able to derive the benefit, and somebody who doesn't file a claim at all be allowed to get the benefit? Well, I think when I read the NEMAR training guide, you file a claim, but if you get evidence that gets deduced over the course of developing that claim, and medical evidence is included in the record that substantiates the covered herbicide disease, then VA, as a practice, includes the covered herbicide disease as part of its backdating provisions under NEMAR. I think the difference in the first case where the claim would be denied was that the claim is specifically referenced. It's specifically developed for that purpose, and then it's specifically denied by the VA, which under the regulations, again, the way we read subpart C is a limited retroactivity provision, and it provides the specific dates under which the retroactivity benefit could apply. If it doesn't fit within subpart C1, then you don't get the benefit of those dates, those specified dates, and you have to give effects to the claim under the regulations. Right, but there's nothing in C1 on its face that precludes the claimant from enjoying the benefit of the filing date just because there was a separate claim for the actual disease that got denied. What I'm worried about is you're reading C1 two different ways based on two different fact patterns that I don't see actually written and baked into C1, because you're acknowledging that if there had never been a heart disease claim in 1984 and there was only this hearing loss claim in 1984, and if there was never an RO decision on that hearing loss claim, then Spence would enjoy the effective date of 1984 for the heart disease claim. Well, I think under the NEWR training guide you would get... Let me just start. Can we agree that you agree with that? That's what I heard you say before. I think there's a slight nuance in that you would get the backdating up to the date under which the medical evidence was induced. You wouldn't automatically get all the way back to the initial filing date. Why is that? Because that's not what happened with the PTSD claim in 1996, right? He was able to get the 1996 date as the effective date for his heart disease claim, which even though the 1996 claim that was filed did not include heart disease. I think the effective date, and I'm not sure exactly how it specifically functions, but you either get the benefit of the initial filing date for non-converter site disease, or you would get the benefit of the backdating of when the medical evidence was induced as to the coverage of the disease. I'm not sure which would govern in a particular case, but I think the NEWR training guide explains with a little bit more depth than I'm able to provide at this point. Counselor, you're in your final minute. Do you want to sum up your position? Yes, Your Honor. Thank you. Our ultimate position is that, like my friend's position on the other side, is that the Veterans Court engaged in improper fact-finding. The board made a specific fact-finding as to the final date of the heart condition claim. It then said there were no subsequent communications regarding that heart condition claim spanning between 1985 and 1996, and therefore gave my friend's client on the other side the benefit of the retroactivity date up to 1996. All the Veterans Court did was affirm that factual finding. I understand my friend raises arguments on the other side, but again, the way we read the regulations, particularly with subpart C, provide a very limited retroactivity benefit, and none of those situations would apply in this instance. Hearing loss is not a cover of the site disease, and therefore would not benefit from retroactivity provisions. We respectfully request the court to affirm the decision of the Veterans Court. Thank you, Your Honors. Thank you. Mr. O, Mr. Dohakis has three minutes for rebuttal. Okay. Thank you, Your Honor. I want to start first by acknowledging that our argument does focus on an implicit fact-finding by the court, but if the court finds that there was no fact-finding, then we would agree that that question should have been answered, as Judge Chin pointed out several times. I want to point next to findings of fact number three on Appendix 33. This finding of fact is completely irrelevant to what we're talking about here. This talks about a communication between 1985 and 1996, but as we've been discussing quite extensively, if there is a pending claim, then we don't need a new communication, because this claim is still pending. The government cites extensively to the training guidance, but I would submit that the regulation is actually what controls training. What I'm hearing from the government is, in 1985, there were a bunch of claims filed. One was for heart disease, and one was for hearing loss. You got an answer on the heart disease claim. It was a denial. Under those circumstances, it becomes very weird to say that you could still potentially get the filing date of 1984 by trying to use a different claim, the claim on hearing loss, as some Trojan horse, to tack on the heart disease claim yet again, when the heart disease claim that you filed in 1984 was in fact denied in 1985. What do we do with that? Your Honor, I would say that that is completely contrary to what the VA actually did in this case, because they did assign an effective date based on a different claim in 1996 on the same heart disease. Yes, but listen to me again. The context here is very different. On the same day, the veteran filed all kinds of claims. One was for heart disease, and one was for hearing loss, reopening the hearing loss claim, and then got an answer on that heart disease claim, denied, and you didn't appeal. Then under those circumstances, why would it make sense to try to treat a different claim, the hearing loss claim that was decided later, or maybe not decided at all, as being able to convert it into a heart disease claim when you were ready on that same day that you filed all these claims, got your answer on the heart disease claim. I would have two responses to that, Your Honor. Number one, that's what the regulation says to do. That's what the VA did in 1996. They found another claim. He submitted while that hearing loss claim was pending, assuming it is, again, that question we don't know the answer to, of additional diagnoses, and in our reply brief, page five, we cited to the record, appendix 30, where the RO's 2012 decision said, and I'm quoting here, medical evidence received in conjunction with this 1996 claim revealed a total of three heart attacks in May 84, April 87, and March 89. The decision also found that he suffered from angina during this period of time, and as we noted in our reply brief, 38 CFR 3.309E defines is chemic heart disease as each of those differently, coronary artery disease, angina, and myocardial infarction. So they are all different diseases, new diseases that arose after the hearing loss claim was filed. Not the 84. Maybe the other two, but not the 84. The 84 was considered. Perhaps, Your Honor. Finding the effective date of a disability under 5110 is determined based on when entitlement arose, which is generally when it manifests, or the date of claim, whichever is earlier. In this case, Earlier or whichever is later? Well, facts found, but no earlier than the date of claim, to be more precise. So if the veteran Counsel, I think you have your argument in the case you submitted.